UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>WALMART SUPER STORE, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-00249-DJC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 8<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff has filed a first amended complaint that purports to assert claims against Walmart Super Stores, Karen Roberts, and other individual defendants.[1] Like the initial complaint, the amended complaint does not state a cognizable claim. Since plaintiff has not remedied the deficiencies highlighted in the prior screening order, I will recommend that the amended complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

---

[1] Plaintiff lists as defendants in the case caption Karen Roberts, Walmart, Deputy Jeremy Buckman, Jill Jenks, and Walmart Parking Lot, but in the section of the complaint labeled defendants, he only lists Walmart Super Stores and Karen Roberts. ECF No. 8 at 1-2.

1

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).
9  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
10 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
11 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17 As required by 28 U.S.C. § 1915(e)(2), the court has screened plaintiff's complaint to
18 ensure that it contains "a short and plain statement of the claim showing that the pleader is
19 entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive screening, a plaintiff's claims must be
20 facially plausible, which means that they must contain enough factual detail to allow the court to
21 reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v.*
22 *Iqbal*, 556 U.S. 662, 678 (2009).  During the screening process, a plaintiff's allegations are taken
23 as true, but the court is "not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart*
24 *Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).
25 The sheer possibility that a defendant acted unlawfully is not enough.  *Ashcroft*, 556 U.S. at 678.
26 While courts must construe a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S.
27 519, 520 (1972) (per curiam), the court may dismiss a pro se litigant's complaint "if it appears
28

2

1  beyond doubt that the plaintiff can prove no set of facts in support of his claim which would
2  entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

3        The bulk of plaintiff's amended complaint consists of long, hard-to-decipher sentences; it
4  fails to describe any actions taken by any of the defendants. *See generally* ECF No. 8. For
5  example, plaintiff states, "The developed exposures to ignorant selfish homeless drunkards, drug
6  adicts, wallet theivings stealing all my personal informations I have had for #20 years, the rapes
7  of my abused being has set my PTSD at documented blood presures: 255/133 and reoccuring
8  stroe conditions on March 21, 2023 at the Courthouse where all these misfortunates events
9  consumend my artisan life, that was born in the Belgian Congo, arriving to this country in 1965 as
10  an orphan interacial being overcoming this sinful world with dignities like my ex-employ chieff
11  Navy SEAL chieff petty officer that quit his job working for my #2 man company after we built
12  the Disneyland credit union in 1985 to go and join what I thought was a mistake .. ??" *Id.* at 4.

13        Plaintiff's complaint fails to comply with Rule 8's requirement that it present a short and
14  plain statement of his claims and identify a plausible § 1983 claim for relief. Fed. R. Civ. P. 8(a);
15  28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff makes no factual allegations against any of the
16  defendants. *See generally* ECF No. 8. "The plaintiff must allege with at least some degree of
17  particularity overt acts which defendants engaged in that support the plaintiff's claim." *See Jones*
18  *v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). More fundamentally, the complaint is
19  incomprehensible, and I cannot make out the specific claims plaintiff is attempting to allege.

20        Accordingly, plaintiff's amended complaint should be dismissed pursuant to 28 U.S.C.
21  § 1915(e)(2) for failure to state a claim. Given that plaintiff has already been afforded an
22  opportunity to amend, and that the amended complaint contains the same deficiencies that
23  plagued the initial complaint, I recommend the amended complaint be dismissed without leave to
24  amend. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se
25  complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of
26  the complaint could not be cured by amendment."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.
27  2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if
28

3

a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's first amended complaint, ECF No. 8, be dismissed without leave to amend.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: ___April 24, 2023___  
                                              JEREMY D. PETERSON  
                                              UNITED STATES MAGISTRATE JUDGE